SAVOY, Judge.
This is a workmen’s compensation suit in which plaintiff alleges that on October 3, 1966, while in the employ of defendant, Crosby Chemicals, Inc., he was crossing a railroad track belonging to defendant within its plant operations; as he crossed said track, his foot caught under the rail, and he lurched forward wrenching his back causing severe pain and permanent injury to his back; that defendant paid him compensation to and including April 17, 1967; that defendant has paid medical expenses in the sum of $809.92; that upon defendant’s failure to pay compensation after April 17, 1967, plaintiff filed the instant suit asking for compensation for total and permanent disability at the rate of $35.00 per week subject to a credit for compensation paid; and for $2,500.00 medical subject to a credit for medical expenses paid by defendant.
Defendant filed an answer denying the accident but admitting the payment of compensation through April 17, 1967, and stated that after that date plaintiff was able to return to his employment with defendant without disability.
After a trial the district judge agreed with defendant’s position and dismissed plaintiff’s suit. Plaintiff has appealed.
Shortly after the accident plaintiff was treated by defendant’s physician, Dr. Henry S. Carter, a general practitioner. He treated plaintiff for a while, during which time plaintiff complained of low back pain.
Plaintiff was seen by four orthopedic specialists, Drs. Edward W. Phillips, Norman P. Morin, George P. Schneider, and Charles V. Hatchette. All four of these specialists could not find any basis for plaintiff’s subjective complaint of pain in the low back area.
Plaintiff was sent by his attorneys to Millard F. Cloys, psychologist, of Beaumont, Texas, for evaluation. Plaintiff was seen by Cloys on February 22, 1968. His summary and impressions read as follows:
“This subject is functioning at the borderline level of mental ability with indications of a slightly higher potential. There are test factors which suggest selective impairment of mental functioning compatible with minimal brain dysfunction or developmental cerebral cortical deficit. These factors should be ruled out through appropriate neurological and other evaluative procedures.”
Cloys sent plaintiff to Dr. C. F. Atkins, a specialist in neurology and psychiatry, for further evaluation. Dr. Atkins examined plaintiff on March 25, 1968, and was of the impression that plaintiff was an individual of borderline intelligence; that he had post-traumatic neurosis; and that he possibly had an early organic brain syndrome which, in all probability; would be due to hardening of the arteries of the brain. In explanation of his findings Dr. Atkins stated that in his opinion the injury of October 3, 1966, could cause the pain complained of even though there was no physical basis for it. He described post-traumatic neurosis as an illness just as is a physical illness.
Defendant sent plaintiff to Dr. Davidson H. Texada of Alexandria, Louisiana. Dr. Texada is certified to practice his profession by the American Board of Psychiatry and Neurology. He examined plaintiff on May 15, 1968, and found plain *59 tiff to have subjective complaints of back pain; found no particular evidence of psychiatric disturbance; and felt plaintiff showed some apprehension, some depression about his physical condition which is expected with a chronic back disorder. Dr. Texada could find no evidence of psychiatric disease and was of the opinion that plaintiff might be suffering from a partially herniated intervertebral disc. In answer to a question on direct examination, Dr. Texada recommended a myelogram for plaintiff, but this was never performed.
In the recent case of Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (on rehearing 825 et seq.) our State Supreme Court laid down certain guidelines to follow in certain workmen’s compensation cases. The court stated that the criterion for causal connection between the accident and disability is: has the accident changed plaintiff’s condition so as to render him disabled and unfit for his former employment?
Four orthopedic experts in the instant case testified they could find no basis for the subjective pain plaintiff complained about. One psychiatrist and neurologist was of the opinion that plaintiff was suffering from post-traumatic neurosis. The other was of the opinion that such was not the case. He did recommend a myelogram to eliminate a possibility of disc involvement. Plaintiff chose not to undergo this test.
Plaintiff has worked for defendant for nineteen years and is accident-prone, as shown by the four or five accidents he has had while working for defendant. This Court is, however, of the opinion that plaintiff, an illiterate negro, is not a malingerer.
Dr. Carter discharged plaintiff on April 17, 1967, as being able to resume the same work he did before the injury.
After a careful examination of the record, we do not believe plaintiff has proven his case by a preponderance of the evidence.
As has been often stated by our appellate courts, cases dealing with traumatic neurosis must be handled with special caution. Jackson v. International Paper Company, 163 So.2d 362 (La.App. 3 Cir. 1964), and cases cited therein.
For the reasons assigned judgment of the district court is affirmed at appellant’s costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.